In re:                                                          Case No. 17-00670-RNO
Matthew C. Sullivan                                             Chapter 13
Aimee L. Sullivan
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1        User: karendavi        Page 1 of 2        Date Rcvd: Apr 19, 2017
                           Form ID: pdf002         Total Noticed: 54

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 21, 2017.

```
db/jdb      +Matthew C. Sullivan,   Aimee L. Sullivan,   2 Patricia Drive,   Enola, PA 17025-1930
aty         +East Pennsboro Township,   c/o JSDC Law Offices,   PO Box 650,   Hershey, PA 17033-0650
4887187      AES PHEAA,   po box 61047,   Harrisburg, PA 17106-1047
4887192    ++CAPITAL ONE,   PO BOX 30285,   SALT LAKE CITY UT 84130-0285
            (address filed with court: capital one bank usa,   po box 85015,   Richmond, VA 23285-5015)
4887683     +Credit Acceptance,   25505 West Twelve Mile Rd,   Suite 3000,   Southfield MI 48034-8331
4887449     +East Pennsboro Township,   c/o James D. Young, Esquire,   JSDC Law Offices,   PO Box 650,
              Hershey, PA 17033-0650
4887207     +James Young, Esquire,   po box 650,   jsdc law offices,   Hershey, PA 17033-0650
4893364     +PHEAA,   PO Box 8147,   Harrisburg PA 17105-8147
4887230     +PP&L,   2 NORTH 9TH ST. CPC GENN1,   Allentown, PA 18101-1179
4891409     +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
4887193      comcast,   po box 3002,   Southeastern, PA 19398-3002
4887194      credit acceptance corporation,   po box 5070,   Southfield, MI 48086-5070
4887201      drayer physical therapy,   5300 derry st. 2nd fl.,   Harrisburg, PA 17111-3576
4887203      east pennsboro township,   98 S Enola drive,   Enola, PA 17025-2796
4887202      east pennsboro township,   98 south enola drive,   room 103,   Enola, PA 17025-2796
4887204      first national bank of pennyslvania,   po box 129,   Monroeville, PA 15146-0129
4887205     +fm oppel,   145 south enola drive,   Enola, PA 17025-2712
4887206     +holy spirit hospital,   503 north 21st st.,   Camp Hill, PA 17011-2288
4887208     +jsdc law offices,   po box 650,   Hershey, PA 17033-0650
4887209     +law office of michael rathchford,   409 lackawanna avenue suite 3c,   Scranton, PA 18503-2059
4887211     +midland funding llc,   2365 northside drive suite 300,   San Diego, CA 92108-2709
4887214     +orthopedic institute of pa,   3399 trindle road,   Camp Hill, PA 17011-2286
4887215     +peerless credit services,   po box 518,   Middletown, PA 17057-0518
4887216     +penn credit corporation,   916 south 14th street,   po box 988,   Harrisburg, PA 17108-0988
4887217      pennsylvania american water,   po box 371412,   Pittsburgh, PA 15250-7412
4887218     +pennsylvania higher education,   po box 61017,   Harrisburg, PA 17106-1017
4887219      pennsylvania higher education agen,   1200 north seventh st.,   Harrisburg, PA 17102-1444
4887222      pennsylvania state university,   student financial services,   108 shields building,
              University Park, PA 16802-1201
4887228     +pinnacle cardiovascular,   1000 n. front st.,   wormleysburg, PA 17043-1034
4887231     +seterus,   14523 SW milliken way suite 200,   Beaverton, OR 97005-2352
4887232      seterus inc.,   po box 11790,   Newark, NJ 07101-4790
4887233      seturus,   po box 1077,   Hartford, CT 06143-1077
4887236     +seturus inc.,   8501 IBM Drive Bldg 201,   Charlotte, NC 28262-4333
4887236     +state collection services inc.,   2509 s. stoughton road,   Madison, WI 53716-3314
4887238     +tek collect,   po box 1269,   Columbus, OH 43216-1269
4887239     +united collection bureau inc.,   po box 1116,   Maumee, OH 43537-8116
4887240      us deparment of education,   national payment center,   po box 105028,   Atlanta, GA 30348-5028
4887242      verizon,   po box 25505,   Lehigh Valley, PA 18002-5505
4887241     +verizon,   500 technology drive,   Suite 300,   weldon srpings, MO 63304-2225
4887244      verizon wireless southeast,   po box 26055,   Minneapolis, MN 55426-0055
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
4889154      E-mail/Text: ally@ebn.phinsolutions.com Apr 19 2017 19:22:50     Ally Financial,
              PO Box 130424,   Roseville MN 55113-0004
4887198      E-mail/Text: cio.bncmail@irs.gov Apr 19 2017 19:23:06    Department of Treasury,
              Internal Revenue Service,   po box 8208,   Philadelphia, PA 19101-8208
4887220      E-mail/Text: bankruptcynotices@psecu.com Apr 19 2017 19:24:06
              Pennsylvania State Employees Credit,   PO Box 67013,   Harrisburg, PA 17106-7013
4887223      E-mail/Text: schesek@pinnaclehealth.org Apr 19 2017 19:23:19     Pinnacle Health hospitals,
              po box 2353,   Harrisburg, PA 17105-2353
4887189     +E-mail/Text: ally@ebn.phinsolutions.com Apr 19 2017 19:22:50     ally financial,
              po box 380901,   Bloomington, MN 55438-0901
4887188     +E-mail/Text: ally@ebn.phinsolutions.com Apr 19 2017 19:22:50     ally financial,
              po box 380902,   Bloomington, MN 55438-0902
4887191      E-mail/Text: ally@ebn.phinsolutions.com Apr 19 2017 19:22:50     ally financial,
              po box 9001951,   Louisville, KY 40290-1951
4887190     +E-mail/Text: ally@ebn.phinsolutions.com Apr 19 2017 19:22:50     ally financial,
              po box 380901,   Minneapolis, MN 55438-0901
4887195      E-mail/Text: bankruptcy_notifications@ccsusa.com Apr 19 2017 19:24:14
              credit collection services,   po box 55126,   Boston, MA 02205-5126
4887196      E-mail/Text: creditonebknotifications@resurgent.com Apr 19 2017 19:22:54     credit one bank,
              po box 98873,   Las Vegas, NV 89193-8873
4887210     +E-mail/Text: bknotices@mbandw.com Apr 19 2017 19:23:56     mccarthy, burgess & wolf,
              26000 cannon road,   cleveland, OH 44146-1807
4887229     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 19 2017 19:41:05
              portfolio recovery services,   120 corporate drive suite 100,   Norfolk, VA 23502-4952
4887235     +E-mail/Text: bankruptcy@sw-credit.com Apr 19 2017 19:23:38     soutwest credit systems,
              4120 international parkway,   suite 1100,   Carrollton, TX 75007-1958
4887237     +E-mail/Text: bankruptcy@sw-credit.com Apr 19 2017 19:23:38     sw credit services l.p,
              4120 international parkway,   suite 1100,   Carrollton, TX 75007-1958
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)

                                                                                      TOTAL: 14

                    ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*          +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4887199*      Department of Treasury,    Internal Revenue Service,    po box 8208,
               Philadelphia, PA 19101-8208
4887200*      ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
               PHILADELPHIA PA 19101-7346
               (address filed with court:  department of treasury,    po box 21126,
               Philadelphia, PA 19114-0326)
4887221*      Pennsylvania State Employees Credit,    PO Box 67013,    Harrisburg, PA 17106-7013
4887224*      Pinnacle Health hospitals,    po box 2353,    Harrisburg, PA 17105-2353
4887225*      Pinnacle Health hospitals,    po box 2353,    Harrisburg, PA 17105-2353
4887226*      Pinnacle Health hospitals,    po box 2353,    Harrisburg, PA 17105-2353
4887227*      Pinnacle Health hospitals,    po box 2353,    Harrisburg, PA 17105-2353
4887197*      credit one bank,    po box 98873,    Las Vegas, NV 89193-8873
4887212*     +midland funding llc,    2365 northside drive suite 300,    San Diego, CA 92108-2709
4887213*     +midland funding llc,    2365 northside drive suite 300,    San Diego, CA 92108-2709
4887243*     +verizon,    500 technology drive,    Suite 300,    weldon srpings, MO 63304-2225
4887245*      verizon wireless southeast,    po box 26055,    Minneapolis, MN 55426-0055
                                                                     TOTALS: 0, * 13, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 21, 2017                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 19, 2017 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
          Gregory S Hazlett    on behalf of Joint Debtor Aimee L. Sullivan adlitem@pa.net
          Gregory S Hazlett    on behalf of Debtor Matthew C. Sullivan adlitem@pa.net
          James  Warmbrodt    on behalf of Creditor    Federal National Mortgage Association (Fannie Mae)
           bkgroup@kmllawgroup.com
          James D Young    on behalf of Attorney    East Pennsboro Township jdy@jsdc.com,
           cls@jsdc.com;eaf@jsdc.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                     TOTAL: 6

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



IN RE:

MATTHEW & AIMEE SULLIVAN

: **CHAPTER 13**
: **CASE NO.** 1 - 17 -bk- 000670-RNO
:
: **CHAPTER 13 PLAN**
:
:     (Indicate if applicable)
: **# MOTIONS TO AVOID LIENS**
: **# MOTIONS TO VALUE COLLATERAL**
:
:     ORIGINAL PLAN
: 1st  **AMENDED PLAN**
:         (Indicate 1ST, 2ND, 3RD, etc.)

---

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

### PLAN PROVISIONS

**DISCHARGE:** **(Check one)**

[✓]     The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ]     The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:**     **(Check if applicable)**

[✓]     This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1.      **PLAN FUNDING AND LENGTH OF PLAN**

      A.      Plan Payments

            1.      To date, the Debtor(s) has paid $ 593.76 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ 35,625.60 plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 3/2017 | 2/2022 | 593.76 | 0 | 593.76 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | Total Payments: | $         593.76 |

            2.      If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

            3.      Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

            4.      CHECK ONE:      ☐ Debtor(s) is at or under median income

                             ☑ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $ 1,583.10 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

      B.      Liquidation of Assets

            1.      In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ 0 from the

sale of property known and designated as _____ _____. All sales shall be completed by _____, 20_____ If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

2.  Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: N/A _____

3.  The Debtor estimates that the liquidation value of this estate is $_____0_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

## 2. SECURED CLAIMS

A.  <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| NONE | | | $ |
| | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B.  <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| SETURUS MORTGAGE | FIRST MORTGAGE ON PRIMARY residence: 2 Patricia Drive, Enola Pa. | $ 1,441.00 | $ 162,764.00 |
| ALLY FINANCIAL | purchase money interest in: 2013 dodge durango | $ 499.00 | $ 16,966.00 |
| ALLY FINANCIAL | purchase money interest in: 2017 chevy malibu maxima | $ 233.00 | $ 5,352.00 |
| CREDIT ACCEPTANCE | purchase money interest in: 2004 Lexus | $ | $ 7,167.89 |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| SETURUS MORTGAGE | FIRST MORTGAGE ON PRIMARY residence: | $ Per POC | $ per POC | $ Per POC |
| ALLY FINANCIAL | purchase money interest in: 2013 dodge durango | $ 1,058.81 | $ 0 | $ 1,058.81 |
| CREDIT ACCEPTANCE CORP | purchase money interest in: 2004 Luxus | $ 2,010.94 | $ 0 | $ $2,010.94 |
| east pennsboro township | water/sewer lien on primary residence | $ Per Poc | $ Per PoC | $ Per POC |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| NONE | | $ | % | $ | |
| | | $ | % | $ | |
| | | $ | % | $ | |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| NONE | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| NONE | |
| | |
| | |

5

G.  <u>Lien Avoidance</u>.  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| NONE | |
| | |
| | |

H.  <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions.  (Check if applicable)

☑  Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.  If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2)  Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

## 3.  PRIORITY CLAIMS

A.  Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| DEPARTMENT OF TREASURY 2015 TAXES | $ PER PROOF OF CLAIM |
| DEPARTMENT OF TREASURY 2013, 2014 | $ PER PROOF OF CLAIM |
| | $ |

6



Rev. 09/01/14

B.  Administrative Claims:

(1)  Trustee fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2)  Attorney fees.  Check one box:

[✓]  In addition to the retainer of $ 1200.00 already paid by the Debtor, the amount of $ 2800.00 in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

[ ]  $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3)  Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | $ |
| | $ |
| | $ |

## 4. UNSECURED CLAIMS

A.  Claims of Unsecured Nonpriority Creditors Specially Classified.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| NONE | | $ | % | $ |
| | | $ | % | $ |

B.  All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

7

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| NONE | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

**(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| NONE | $ | % | $ | $ |
| | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

100% unsecured proof of claims---ALL STUDENT LOAN OBLIGATIONS SHALL BE PAID OUTSIDE OF THE CHAPTER 13 PLAN OF REPAYMENT.

8

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

| Level | |
|---|---|
| Level 1: | TRUSTEE FEES |
| Level 2: | ATTORNEY FEES |
| Level 3: | PRIORITY CLAIMS |
| Level 4: | SECURED ARREARAGE |
| Level 5: | UNSECURED CLAIMS |
| Level 6: | |
| Level 7: | |
| Level 8: | |

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

| Level 1: | Adequate protection payments. |
|---|---|
| Level 2: | Debtor's attorney's fees. |
| Level 3: | Domestic Support Obligations. |
| Level 4: | Priority claims, pro rata. |
| Level 5: | Secured claims, pro rata. |
| Level 6: | Specially classified unsecured claims. |
| Level 7: | General unsecured claims. |
| Level 8: | Untimely filed unsecured claims to which the Debtor has not objected. |

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 4/5/2017

GREGORY S. HAZLETT, ESQUIRE
Attorney for Debtor

MATTHEW SULLIVAN
Debtor

AIMEE SULLIVAN
Joint Debtor

9